Curia, per
Wardlaw, J.
Under the Statute of Anne, the landlord can claim payment only of the rent due at the time of the sheriff’s seizure ; and goods in the custody of the law are not liable to distress. But the landlord now contends that even admitting these principles, the sheriff here did not take the goods as sheriff, but only as agent; and that, in fact, the goods were not in the custody of the law until the order for sale was made. If the writ of attachment had been returned, and afterwards the garnishee, who before laid claim to the goods, and offered them to the sheriff, it might well be questioned whether the sheriff, without further'order, could officially have taken possession of them; but here the writ of attachment was returnable to May Term, 1842 ; the garnishee, when he was served with a copy, laid claim to the goods, but afterwards, on 29th March, before the return day of the writ, filed his return, by which he surrendered the goods to the sheriff, and on the same day the sheriff received possession of the goods from the garnishee. This can be regarded in no other light than as a levy by the sheriff upon goods of the absent debtor, not in the possession of any third person ; which it was the duty of the sheriff to make at any time before the return of the writ.
The landlord could not, after the levy, have distrained; and as no rent was due at the levy, he cannot maintain his claim to be paid the rent which subsequently accrued, out of the proceeds of the sale.
There is at least as much plausability in the creditor’s position, that the agreement between the landlord and sheriff was intended to refer to the rights of the parties, as existing at the day of the agreement, before the rent became due, as in the ground taken by the landlord, that by the agreement the landlord was to have his rent at all events. But the views which have been taken render it unnecessary to consider any plainer rights which the creditor might have under the agreement.
*371 The order making absolute the rule to compel payment by the sheriff to the plaintiff in attachment, was therefore correct, and the motion is dismissed.
Richardson, O’Neall, Evans, and Butler, JJ. concurred.
Frost, J. had been of counsel for the plaintiff.